✓ FILED          ___ LODGED
___ RECEIVED     ___ COPY

OCT 29 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ M DEPUTY

FOR CLERK'S USE ONLY

Steven Laizure
16942 West Central Street
Surprise, AZ  85388
623-764-7974

Representing:

X Defendant

Representing X Self (Without a Lawyer)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

<table>
<tr><td>

AF HOLDINGS, L.L.C., A St. Kitts and Nevis
limited liability company
Plaintiff

STEVEN JAMES GOODHUE (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone:  480-214-9500
Fax:          480-214-9501
E-mail: sjs@sjgoodlaw.com
ATTORNEY FOR PLAINTIFF
AF HOLDINGS, L.L.C.




v.


STEVEN LAIZURE
Defendant

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

**Case Number: 2:12-cv-02131-DGC**




**RESPONSE TO CIVIL MOTION
COMPLAINT AND JURY DEMAND**

</td></tr>
</table>

## NATURE OF THE CASE

1.      Defendant Steven Laizure (Defendant) denies any knowledge, wrong doing, copyright infringement, civil conspiracy, and any and all allegations of willful and intentional infringement.  Plaintiff AF Holdings, L.L.C., a St. Kitts and Nevis limited liability company (Plaintiff) claim  Defendant knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via BitTorrent file sharing protocol, and upon information and belief continues to do the same. Defendant denies all allegations of illegally reproducing and sharing with others the Plaintiff's Video.  Defendant has no knowledge as to such Video, and has never even viewed the Video described in this complaint.  Plaintiff seeks damages for viral

LAIZURE

infringement that Defendant is not responsible for.  Defendant did not view, download, share, reproduce, or have any knowledge thereof any Video downloaded using his *then*, unsecured wireless network.

## THE PARTIES

2.      Plaintiff AF Holdings, L.L.C. is a limited liability company organized and existing under the laws of the Federation of St. Kitts and Nevis.  Plaintiff is a holder of rights to various copyrighted works at issue in this complaint unknown to Defendant.

3.      The copyrighted work at issue in this complaint is one of Plaintiff's adult entertainment videos, "Sexual Obsession" (the Video); such Video has never been viewed, downloaded, or shared by Defendant.

4.      Defendant is an individual adult over the age of (18) eighteen whom is a resident of the state of Arizona.

## JURISDICTION AND VENUE

5.      Defendant is a resident of the state of Arizona.

6.      Defendant does not dispute any jurisdiction mentioned in complaint.

## BACKGROUND

7.      Plaintiff describes that BitTorent is a modern file sharing method ("protocol") used for distributing data via the Internet.  Defendant is a truck driver by trade, gone several days at a time, not at home, who has no knowledge of BitTorent, how to use BitTorent, in any fashion.  Defendant is not knowledgeable in the computer field, and does not have computer knowledge on how to commit the acts Plaintiff is claiming Defendant committed.

8.      Plaintiff describes in complaint the traditional file transfer protocols involve a central server, which distributes data to individual users.  Defendant had no knowledge of any such file transfer(s) distributed to individual users.

9.      Plaintiff describes standard P2P protocols involve a one-to-one transfer of whole files between a single up loader and a single downloader.  Defendant has no knowledge on how to perform standard P2P protocol transfers, and has no knowledge of Video transfer mentioned in this complaint.

10.      Plaintiff proceeds to describe the process for file transfer, and how the degree of anonymity is extremely low due to an IP address must be broadcasted before any data can be received.   Plaintiff proceeds to say that actual names and identities are unknown, as users are allowed to download and distribute under the cover of an IP address.

11.      Defendant, not being skilled in information technology, computers, secured vs. non secured wireless internet connectivity, had an unsecured wireless internet connection, not understanding the implications of sharing his wireless internet connection could put him in harm by someone, not known by Defendant committing copyright infringement under his IP address.

12.      Defendant has, since been made aware of this complaint, secured his wireless internet connection to require a password before connecting to his wireless internet.

13.      Plaintiff continues to describe BitTorrent protocol, and it's popularity for unlawful

LAIZURE

copying.  Although Defendant understands somewhat what tort that has been committed against Plaintiff, Defendant is not the tortfeasor.  Defendant has zero knowledge of this Video and all aspects of what is being alleged in this complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

14.    Plaintiff is the exclusive rights holder of Video mentioned in this complaint.
15.    Video is currently registered in the United States Copyright Office, and is protected under copyright laws of the United States.
16.    Plaintiff describes holds software that is able to perform real time BitTorent monitoring, that is effective in capturing data when infringing conduct takes place.
17.    Plaintiff states Defendant's IP address is 72.223.126.36; Defendant does not know what his IP address is, or how to get it.  Defendant is willing to produce the family computer to the court as evidence that there has been zero illegal downloads.
18.    In the April 2011 case VPR Internationale v. DOES 1-1017(2:11-cv-02068-HAB-DGB), District Court Judge Harold Baker denied the Canadian adult film company access to subpoena ISPs for the personal information connected to the IP addresses of their subscribers.  The reason was because IP addresses do not equal persons, and especially in 'adult entertainment' cases this would obstruct fair legal process.
19.    Among other things, Judge Baker cited a recent child porn case where U.S. authorities raided the wrong people, because the real people were piggy backing on their wi-fi connections.
20.    Plaintiff describes investigators detected Defendant's alleged illegal download on May 8, 2011 at 23:27:01.
21.    Defendant had an unsecured wireless network at this time that anybody could have logged onto without any security key or password.
22.    Defendant did not illegally download any software or said Video May 8, 2011.
23.    Plaintiff alleges Defendant was part of a group of BitTorent users whose computers were collectively interconnected for file sharing; this is not fact.
24.    Defendant has not participated in an group of BitTorent users to file share, and only knows what BitTorent is as to the description in this complaint.

## FIRST CLAIM FOR RELIEF COPYRIGHT INFRINGEMENT – REPRODUCTION (17 U.S.C. 106(1))

25.    Defendant hereby denies any and all allegations in this complaint.
26.    Defendant agrees that Plaintiff is owner of said Video.
27.    Defendant did *not* obtain a copy of the Video at all.
28.    Defendant may or may not have the IP address 72.223.126.36, Defendant is unaware on how to check his IP address.
29.    Plaintiff alleges Defendant's computer hard drive has the Video downloaded on Defendant's hard drive; this is not fact.
30.    Defendant's hard drive does not have any illegal downloaded videos.
31.    Defendant is willing to produce computer to establish such fact.
32.    Defendant did not willfully or willfully download any Video mentioned in this complaint.
33.    Defendant is not responsible for any damages Plaintiff suffered due to the

LAIZURE

BitTorent users' conduct of file sharing, completely unknown to Defendant.

34.  Defendant has not committed any unlawful act, and is victim to an unknown person or entity using his then, unsecured wireless network to engage in activities mentioned in this complaint.

### SECON CLAIM FOR RELIEF COPYRIGHT INFRINGEMENT – DISTRIBUTION (17 U.S.C. 106 (3))

35.  Defendant denies all allegations of Video distribution.
36.  Defendant did not download, view, or distribute Video.
37.  Defendant has no knowledge of Video, except what has been made aware to him by mention of this complaint.

### THIRD CLAIM FOR RELIEF CONTRIBUTORY INFRINGEMENT

38.  Defendant denies all allegations of contributory infringement.
39.  Defendant did not view, download, or distribute Video.

### FOURTH CLAIM FOR RELIEF CIVIL CONSPIRACY

40.  Defendant denies all allegations of civil conspiracy.
41.  Defendant did not view, download, or distribute Video.

### FIFTH CLAIM FOR RELIEF NEGLIGENCE

42.  Plaintiff alleges Defendant was negligent and/or reckless in allowing a third-party to commit the allegations of infringement, contributory infringement, and civil conspiracy described above through his internet connection.
43.  Defendant had no known control as to how to prevent any unauthorized users from "hacking" into his wireless connection.
44.  Defendant did now allow anyone to illegally download any Video.
45.  Defendant is not skilled in the internet or computer field, and was never advised on how to secure a network, and the potential ramifications of having an unsecured network.
46.  Defendant has since secured his network to prevent unknown third parties from using his wireless internet connection.
47.  Plaintiff describes that "Responsible internet users take steps to secure their internet accounts preventing the use of such accounts for illegal purpose.
48.  The defendant was previously not aware of what damage could happen by having an open, unsecured internet connection.
49.  The defendant now, and will always secure his internet connection to avoid unknown, third parties from committing illegal acts using his internet.
50.  Defendant did not permit any person, known or unknown to use his internet connection to infringe on Plaintiff's Video.

### JURY DEMAND

LAIZURE

51.    Defendant asks the court to dismiss all charges.

52.    Defendant asks the court to deny Plaintiff's demand for a jury trial in this case.

## PRAYER FOR RELIEF

53.    Defendant respectfully requests no relief be awarded to Plaintiff from Defendant.

54.    Defendant requests that all requests for damages to be awarded to Plaintiff be denied.

55.    Defendant has suffered a reputational risk due to these allegations, in addition to embarrassment, and harassment.  Defendant has received numerous threatening calls to "pay up or else".  Defendant's name now publicly appears under this lawsuit when Defendant's name is searched.  District Court Judge Harold Baker stated "Whether you are a guilty or not, you look like a suspect."

56.    Defendant has suffered undue stress from this situation due to the daunting legal process for a crime Defendant did not commit, or have any knowledge of.

57.    Defendant requests to be held harmless of any and all injuries Plaintiff has suffered due to the act or acts of anonymous 3rd party individuals who Plaintiff claims used Defendant's IP address.

10-29-12

LAIZURE