Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN LAIZURE,<br><br>Defendant. | **CASE NO.: 2:12-CV-02131-PHX-DGC**<br><br>**JOINT CASE MANAGEMENT REPORT** |

   Pursuant to Federal Rule of Civil Procedure 26(f), the parties, Plaintiff AF Holdings, L.L.C. ("Plaintiff"), through its undersigned counsel, and Defendant Steven Laizure ("Defendant"), hereby submit the following Joint Case Management Report reflecting the results of their meet and confer conference.  For reason's he cannot explain, Plaintiff's counsel did not receive a copy of your Answer/Response when it was filed, nor did he receive the Court's Order of November 9, 2012, when it was issued.  Plaintiff's counsel was advised on the existence of the Answer/Response and November 9, 2012, Order on December 13, 2012.  Plaintiff's counsel and Defendant were able to speak by telephone on December 14, 2012, and Plaintiff's counsel provided Defendant with a draft

1

of the Case Management Report and Proposed Order on that same date. Defendant provided Plaintiff's counsel with his comments to the Case Management Report on December 16, 2012.[1]

**1) <u>The Parties</u>**

Plaintiff AF Holdings, L.L.C., through counsel, Steven James Goodhue, and Defendant, Steven Laizure, *pro per,* attended the December 17, 2012 meet and confer conference pursuant to Rule 26(f), and both parties assisted in the preparation of this Joint Case Management Report.

**2) <u>List of Parties</u>**

The list of parities for recusal purposes are Plaintiff AF Holdings, L.L.C., and Defendant, Steven Laizure.

**3) <u>Nature of the Case</u>**

a. <u>Plaintiff's Description of the Case</u>

Plaintiff files this action for copyright infringement under the United States Copyright Act and related contributory infringement, civil conspiracy, and negligence claims under the common law to combat the willful and intentional infringement of its creative works. Defendant Steven Laizure ("Defendant") knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using BitTorrent, Defendant's infringement actions furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringement. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief to curb this behavior.

b. <u>Defendant's Description of the Case</u>

Defendant generally denies the allegations contained in Plaintiff's Complaint.

---

[1] Defendant does not have counsel and did not sign the pleading prior to the time for filing. Counsel for Plaintiff exchanged e-mails and telephone calls with Defendant who consented to the dates contained herein. No signature block was included for Defendant.

**4)** **Jurisdictional Basis**

This Court has subject matter jurisdiction over Plaintiff's copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over Plaintiff's contributory infringement, civil conspiracy and negligence claims under 28 U.S.C. § 1367(a) because they are so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that the claims form part of the same case and controversy under Article III of the United States Constitution.

**5)** **Parties Not Served**

None.

**6)** **Additional Parties**

Plaintiff does not anticipate adding additional parties.

**7)** **Expedited Trial**

The parties do not agree to an expedited trial.

Counsel for Plaintiff has provided his client with, (a) and estimate of the cost of an expedited trial if elected, and (b) an estimate of the cost of an expedited trial is not elected and typical discovery and motion practice occur.

Counsel for Plaintiff certifies that he has held a discussion required in Section B of this Court's Order Setting Rule 16 Case Management Conference.

Defendant certifies that he has considered the expedited trial alternative.

**8)** **Contemplated Motions**

There are no pending motions at this time. Plaintiff expects to file a Motion for Judgment on the Pleadings, a Motion to Dismiss the Counterclaim, or in the alternative, a Motion for Partial Summary Judgment on all or some of the claims.

**9)   Reference to U.S. Magistrate**

Plaintiff has previously elected to have this case assigned to a District Court Judge. Plaintiff would agree to the referral to a Magistrate for a settlement conference or on any issues pertaining to discovery.

**10)   Status of Related Pending Cases**

Not applicable.

**11)   Issues related to Disclosure or Discovery of ESI**

None.

**12)   Issues Related to Privilege or Work Product**

None.

**13)   Federal Rules of Evidence 502(d)**

Plaintiff does not believe that an Order under Rule 502(d) is warranted in this case.

**14)   Necessary Discovery**

   a)   **Extent, nature and location of discovery:**

   Written discovery and depositions.

   b)   **Suggested Changes to Discovery Limitations for F.R.C.P. and Rule 16:**

Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

   c)   **Number of hours for each deposition unless agreed to by the parties:**

   Seven (7) hours.

**15)   Rule 26(a) Initial Disclosures**

Plaintiff served its Rule 26(a) Initial Disclosures on Defendant on December 14, 2012.

Defendant will serve his Rule 26(a) Initial Disclosures on Plaintiff on December 16, 2012.

**16)   Proposed Dates for the Following**

    **a) Fact Discovery:**

    August 9, 2013.

    **b) Disclosure of Expert Reports under Rule 26(a)(2)(C):**

    Plaintiff's Experts:  May 3, 2013;

    Defendants' Experts:  May 31, 2013;

    Rebuttal Experts:  June 28, 2013.

    **c) Completion of all Expert Depositions:**

    August 9, 2013.

    **d) Filing of Dispositive Motions:**

    September 13, 2013.

    **e) Completion of Face-to-Face Good Faith Settlement Negotiations:**

    December 31, 2013.

**17)  Jury Request**

    The Plaintiff has requested a trial by jury.

**18)  Prospect of Settlement**

    There have been no settlement discussions between the parties at this time.  Plaintiff is willing to discuss settlement at any time, and has made this known to Defendant.

**19)  Other Matters**

    Plaintiff is not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated this 17th day of December, 2012

5

1 | Law Offices of Steven James Goodhue

By: /s/ Steven James Goodhue
Steven James Goodhue (#029288)
9375 East Shea Blvd., Suite 100
Scottsdale, AZ  85260
*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

I hereby certify that on December 17, 2012, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM-ECF system which will send notifications of such filing to all parties of record.

**A COPY** of the foregoing was mailed (or served via electronic notification per stipulation if indicated by an "*") on December 17, 2012, to:

Steven Laizure* (*laizuretrucking@aol.com*)
16942 West Central Street
Surprise, Arizona 85388


/s/ Steven James Goodhue

6